C. O. TINGLEY & CO. et al. v. BADGER RUBBER WORKS.

Circuit Court of Appeals, Seventh Circuit.
May 24, 1928.

No. 4005.

Patents ☞328—1,612,788 for improved tire flap held not so clearly wanting in invention as to authorize determination of invalidity without hearing.

Walten patent, No. 1,612,788, for an improved tire flap, *held* not so clearly lacking in novelty and invention as to warrant determination of invalidity without a hearing thereon.

Evans, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit by C. O. Tingley & Co. and another against the Badger Rubber Works. Decree of dismissal, and plaintiffs appeal. Reversed and remanded, with directions.

Russell M. Everett, of Newark, N. J., for appellants.

Franklin G. Neal, of Springfield, Mass., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Eleven months after the patent in suit, No. 1,612,788, had, on December 28, 1926, been granted for an improved tire flap, this suit was begun, and a month later it was dismissed on appellee's motion, charging that the patent was void on its face because of lack of patentable novelty and invention.

This case is quite unusual, in that the specification sets out the state of the art at the time the inventor (Walten) entered the field, and the difference between the flaps in the prior art and the one covered by the patent. The motion admits that infringement speedily followed the issuing of the patent.

The flap, a strip of material lying between the inner tube and the tire rim, so that it covers the channel-like opening in the casing, as formerly made, had a perforation to fit over the valve stem, and that was far enough from the end so that the part of the flap behind the perforation was long enough to underlie the three perforations in the other end of the flap, through one of which, for proper adjustment, the valve stem was also placed. Because there were five sizes of tires, it was the practice, and, so far as known prior to Walten, necessary, to manufacture, and the dealer had to carry, a supply of flaps in each of the five lengths. What

Walten sought to do was to make one flap that could be easily altered by any one so that it would not be necessary to manufacture or carry in stock the five sizes theretofore made and carried. Some of the difficulties to be overcome in accomplishing his purpose are pointed out in the application. Whether the many millions of automobiles, which we know as a matter of common knowledge have been manufactured during the last thirty years, used with each of their four wheels a tire flap, we do not know, but the number that must have used them is so large that the desirability of reducing the number of tire flaps to be carried in stock we think is apparent. The haste with which appellee adopted Walten's flap is some evidence that the trade approved such a change.

What Walten did was to make a flap of the maximum length required. In one end he made the perforation that is first placed over the valve stem, and on the other end he stamped upon the flap figures and marks showing where the perforations are to be made to adjust the flap over the valve stem for the different sized tires. Whether that amounted to invention, we do not determine, but are of opinion that, on the face of the patent, so much that is new and useful appears that it was error to determine without a hearing whether there is patentable novelty.

The decree is reversed, and the cause remanded to the District Court, with direction to deny the motion to dismiss the bill.

EVANS, Circuit Judge (dissenting). This court said, in Damrow Bros. Co. v. Stoelting Bros. Co. (C. C. A.) 295 F. 492:

"While a patent carries with it a prima facie presumption of validity, yet that presumption does not hold if the patent is found to be invalid upon its face."

In support of this statement, Richards v. Chase Elevator Co., 158 U. S. 299, 301, 15 S. Ct. 831 (39 L. Ed. 991), Sodemann Heat & Power Co. v. Kauffman (C. C. A.) 275 F. 593, 595, and De Vry Corporation v. Acme Motion Picture Projector Co. (C. C. A.) 262 F. 970, are cited. In the last-cited case, other authorities may be found supporting this position.

It seems to me that the Walten patent in suit is manifestly invalid upon its face, and the District Court properly granted the motion to dismiss.

The patent relates to an improvement in tire flaps, an article well described in the majority opinion as being "a strip of material lying between the inner tube and the tire rim so that it covers the channel-like opening in the casing." A single claim of the patent will suffice to disclose the improvement. Claim 1 reads:

"A tire flap having at an imperforate portion of itself near one end, indicia for aperturing said imperforate portion to make the flap any one of a plurality of sizes."

All tire flaps, prior to this invention, were provided at one end with an opening and at the other end with several openings, through which the valve stem of the inner tube is placed when in readiness for use upon the rim. The plurality of holes at one end of the flap is to give greater adjustability.

Appellants' improvement is in supplying "indicia for aperturing said inperforate portion to make the flap any one of a plurality of sizes." In other words, the flap described in the patent is provided with marks which inform the user where he may cut additional openings in the flap to make it shorter. Clearly it would not constitute invention to mark places in a belt through which holes might be cut to make the belt shorter. This, it seems to me, is all that Walten did.

My associates do not say this constitutes invention, but merely hold that evidence should be received to demonstrate that the problem was so difficult and the results so desirable that, upon a full hearing of the case, the court might possibly find that invention resided in this simple expedient for shortening the flap.

I cannot believe that there was any patentable novelty which can be ascribed to the use of an expedient so simple and commonly used for shortening the usable portion of a belt, strap, flap, or other similar article. What any 10 year old boy, upon finding his older brother's belt too large, would do with his jackknife, would hardly be called an inventive discovery.

Likewise the accurate selection of the places of perforation, based on the known relation of diameter to circumference, would involve a mere mathematical computation, rather than evidence the genius of an inventor.