## TINGLEY v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
July 26, 1929.

Rehearing Denied September 12, 1929.

No. 52.

Warren K. Snyder, of Oklahoma City, Okl. (J. W. Osmond, of Anadarko, Okl., and Edward C. Snyder, of Oklahoma City, Okl., on the brief), for appellant.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

LEWIS, Circuit Judge. Appellant was convicted and sentenced for that, as charged in several counts of the indictment, he bought, received and possessed merchandise that had been stolen from interstate shipments, knowing at the time that said merchandise had been so stolen. Act Feb. 13, 1913, U. S. Code, tit. 18 (18 USCA) § 409. The court treated as one offense the acts charged in counts 1, 2, 5 and 7 and imposed a sentence of five years in the penitentiary and a fine of $500 on those four counts treated as one. The third count charged that defendant received two cases of blankets at Cushing, Oklahoma, on September 20, 1927, knowing the blankets had been stolen from

interstate shipments, and the fourth count charged that defendant purchased those blankets at Anadarko, Oklahoma. There was testimony that defendant, on a telephone call from one Helvy, went to Cushing to see Helvy and Webster, who with the assistance of one Cline had stolen the merchandise and secreted it to there inspect it, and that he did there inspect the goods that the three had stolen, that he there agreed to pay Helvy and Webster $550 for the entire lot, that the blankets were put in defendant's car at Cushing and he transported them from there to Anadarko in the nighttime, where he kept a retail store. Helvy transported the remainder of the goods to Anadarko during the same night in a motor truck. After arriving in Anadarko defendant paid Helvy for all of the goods so transported, including the blankets. The sixth count charged the defendant with possession of ten dozen pair men's leather gloves at Anadarko on October 19, 1927, knowing that they had been stolen from interstate shipments, and the eighth count charged him with possession at Anadarko of 10,000 cigarettes on October 16, 1927, knowing that they had been stolen. The court having treated counts 1, 2, 5 and 7 as charging one offense, because consisting of one transaction on September 20, sentenced defendant on the other four counts, the third, fourth, sixth and eighth, to terms of imprisonment of five years on each count and a fine of $500 on each, the terms of imprisonment each to run concurrently with the sentence on counts 1, 2, 5 and 7.

It is argued there was still duplication of offenses in the counts on which sentences were imposed, but the proof when applied to the terms of the statute convinces that the court did not err in treating the counts in the manner stated, as charging separate offenses. Nor can we accept as sound the contention that the indictment is bad in that it does not charge the several thefts from railway cars with the particularity required in charging larceny. Abraham v. United States (C. C. A.) 15 F.(2d) 911; Jones v. United States (C. C. A.) 19 F.(2d) 316; Brooks v. United States, 267 U. S. 432, 45 S. Ct. 345, 69 L. Ed. 699, 37 A. L. R. 1407; Bloch v. United States (C. C. A.) 261 F. 321; Heglin v. United States (C. C. A.) 27 F. (2d) 310; Isbell v. United States (C. C. A.) 26 F.(2d) 24.

The law was clearly and fully stated by the court in its charge to the jury. Reasonable doubt was properly defined and the court did not err in refusing to give defendant's request on that subject, nor in refusing to instruct that a defendant cannot be convicted on the testimony of an accomplice unless corroborated by at least one witness or by incriminating circumstances. Caminetti v. United States, 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Wishart v. United States (C. C. A.) 29 F.(2d) 103, 105. However, the court did charge that it was the duty of the jury to examine such testimony with caution and scrutinize it carefully before placing reliance upon it.

Error is also assigned that the court permitted, over defendant's objection, proof of other offenses of like kind,—that is, defendant recently prior to the commission of the offenses charged had purchased from Helvy and Webster other merchandise which they had stolen from cars while it was being transported in interstate shipment. The plain purpose of this was to establish that part of the charge in each count that defendant purchased or received or possessed the merchandise with knowledge that it had been stolen. It was competent for that purpose. Paris v. United States (C. C. A.) 260 F. 529; Wolf v. United States (C. C. A.) 290 F. 738. The court in its charge to the jury said as to this proof:

"It is fundamental in our law that a defendant is entitled to be tried strictly upon an indictment, definitely accusing him of one or more offenses, against which he may make his defense, and at a trial he cannot be convicted of any other offense. Yet other like transactions are competent evidence, and they are competent for you to consider in this case for the limited purposes, namely, as tending to show the transactions charged in this case arose in this way, that a general plan was gotten up to engage in them, and the transactions in this case were instances of such plan, and as tending to show the defendant's guilty knowledge of the larcenies herein involved, and the intent to convert the merchandise to his use, when he bought and received it, if he did buy and receive it. For such limited purposes only, and not otherwise, you may consider the evidence relative to transactions prior in time to those charged in this case."

The correct rule on the subject is found, we think, in the opinion of Rogers, C. J., in the Wolf Case, supra, and the authorities there cited. Moreover, Helvy testified that he sold defendant merchandise which he and others had stolen from box cars, prior to the transactions covered by the indictment, one lot for $175 and one lot for $375, that he told defendant the merchandise came out of box

cars and defendant said he would take the merchandise, that it was delivered to the defendant and he paid to Helvy the prices stated. There was also testimony that some of the stolen goods was found in defendant's garage, some in his store and some in the hands of other merchants to whom defendant had sold it at prices far below wholesale values.

 Other errors assigned refer to claimed improper and prejudicial remarks of the district attorney and his assistant during the progress of the trial and in his closing argument to the jury; also to claimed immaterial and prejudicial testimony admitted over objection; to cross-examination of defendant's witnesses on matters not inquired about in chief and to the repetition of prejudicial questions by the district attorney and his assistant after the court had ruled they were improper. In many of these respects it must be said the district attorney and his assistant did not adhere to the plain and settled rules. We clearly see the trial took too wide a range, and but for the action of the court in firmly advising the jury several times against being misled by collateral issues, coupled with strong and convincing proof of defendant's guilt, a reversal might follow. Act Feb. 26, 1919 (U. S. Code, tit. 28 [28 USCA] § 391). Furthermore, there is no bill of exceptions here saving the points relied on, except the instructions given and refused and the district attorney's argument; and as to the latter the court instructed the jury to disregard the remarks objected to. Whether they were prejudicial under the facts is doubtful. We find in the printed record only a verbatim copy of everything that occurred at the trial, all questions of counsel, all answers of witnesses, all objections, colloquies, comments, rulings, exceptions, adjournment orders, etc., covering 800 pages. That is not a bill of exceptions. Krauss Bros. Co. v. Mellon, 276 U. S. 386, 48 S. Ct. 358, 72 L. Ed. 620; Barber Asphalt Co. v. Standard Co., 275 U. S. 372, 381, 382, 48 S. Ct. 183, 72 L. Ed. 318; Linn v. United States (C. C. A.) 251 F. 476; Marr v. United States (C. C. A.) 8 F.(2d) 231; Beck v. United States (C. C. A.) 33 F.(2d) 107.

We have read much of the trial proceedings, particularly the parts that we could best discover to which the assignments refer, and conclude there was no reversible error; and, under the authorities last cited, we are not required to make a more critical exposition.

Judgment affirmed.