## SMITH v. UNITED STATES.
### No. 148.

Circuit Court of Appeals, Tenth Circuit.
Feb. 8, 1930.

Orban Patterson, of Oklahoma City, Okl., for appellant.

Roy St. Lewis, U. S. Atty., and Herbert K. Hyde and William Earl Wiles, Asst. U. S. Attys., all of Oklahoma City, Okl.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

## PER CURIAM.

Hugh Smith was convicted and sentenced on three counts of an indictment, the first of which charged the unlawful possession, on August 13, 1928, of a derivative of opium, to wit, 200 grains of morphine, not being in the original stamped package or from the original stamped package. The second count charged the unlawful sale, on August 13, 1928, of such morphine, not being in the original stamped package or from the original stamped package. The third count charged the unlawful purchase of morphine, on August 13, 1928, which had theretofore been imported into the United States, contrary to the provisions of section 174, tit. 21, U. S. C. (21 USCA § 174). Smith has appealed.

The court sentenced Smith to confinement in the penitentiary for the term of 18 months on each of the three counts of the indictment, the sentences to run concurrently. Smith challenged the sufficiency of the several counts of the indictment by demurrer on the ground that the allegations were vague and uncertain and did not sufficiently identify the offense charged. This demurrer was overruled, and this ruling of the trial court is assigned as error.

The second count of the indictment charged that Smith, on August 13, 1928, in Shawnee, Pottawatomie county, in the Western district of Oklahoma, did unlawfully, knowingly, willfully, and feloniously sell and deliver to Juanita Barnett, a certain derivative of opium, to wit, about 200 grains of morphine, which said morphine was not in the original stamped package or from the original stamped package. The second count of the indictment alleged the commission of the offense substantially in the language of the statute, and alleged the name of the per-

son to whom such morphine was sold. The naming of the purchaser sufficiently identified and earmarked the offense. Coyle v. United States (C. C. A. 10) 34 F.(2d) 399; Turk v. United States (C. C. A. 10) 38 F.(2d) 630. Count 2 of the indictment is clearly sufficient, and the demurrer to that count was properly overruled.

Since the sentences on all three counts ran concurrently, it becomes unnecessary to consider the sufficiency of counts one and three of the indictment.

The other errors assigned are predicated upon trial proceedings which must be brought into the record by a proper bill of exceptions, duly settled and approved by the trial court. There is no such bill of exceptions. Instead, there is a literal transcript of all of the trial proceedings. Tingley v. United States (C. C. A. 10) 34 F.(2d) 1; Caldwell v. United States (C. C. A. 10) 36 F.(2d) 738. In the absence of a proper bill of exceptions, we cannot consider such assignments of error. Davis v. United States (C. C. A. 10) 38 F.(2d) 631.

The judgment is affirmed, and the mandate will issue forthwith.