## FLOWERS v. UNITED STATES.
### No. 147.

Circuit Court of Appeals, Tenth Circuit.
Feb. 8, 1930.

Orban Patterson, of Oklahoma City, Okl., for appellant.

Roy St. Lewis, U. S. Atty., and Herbert K. Hyde, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Flowers was convicted and sentenced upon an information containing two counts charging violations of the National Prohibition Act (27 USCA) and has appealed.

Counsel for Flowers contend that counts one and two of the information were insufficient to support the verdict and judgment in that they are vague and uncertain, and do not identify and ear-mark the particular offenses charged with sufficient particularity. Count one charges that Flowers, on March 23, 1928, at the New State Hotel, in Shawnee, Pottawatomie county, in the Western district of Oklahoma, did unlawfully have in his possession intoxicating liquor, to wit, whisky. Count two charges that Flowers, on March 23, 1928, at the New State Hotel, in Shawnee, Pottawatomie county, in the Western district of Oklahoma, did unlawfully sell and deliver to C. A. Wallace intoxicating liquor, to wit, whisky. It is not contended that

634

counts one and two of the information did not set out the essential ingredients of the respective offenses charged therein. It is contended that such counts are insufficient in that they did not allege any particulars descriptive of. the offenses distinguishing them in any manner from other similar offenses. In charging an offense of the general character of those alleged in counts one and two in this information, it is necessary to allege some fact or circumstance identifying and ear-marking the particular offense charged in order to distinguish it from other offenses of similar character. Skelley v. United States (C. C. A. 10) 37 F.(2d) 503. However, it is the presence of some identifying ear-mark and not of any particular one that is important. Davis v. United States (C. C. A. 8) 24 F.(2d) 814, 815, 816.

The name of the hotel in Shawnee, where the whisky was sold, is alleged in the first count. This sufficiently identified and ear-marked the offense charged in that count. The name of the purchaser is alleged in count two. This sufficiently identified and ear-marked the offense charged in count two. Davis v. United States (C. C. A. 8) 24 F. (2d) 814, 816; Coyle v. United States (C. C. A. 10) 34 F.(2d) 399.

The other errors assigned are predicated upon matters which occurred in the trial proceedings and which must be brought into the record by a proper bill of exceptions, duly settled and approved by the trial court. There is no such bill of exceptions. On the contrary, there is a literal transcript of all the trial proceedings. Tingley v. United States (C. C. A. 10) 34 F.(2d) 1; Caldwell v. United States (C. C. A. 10) 36 F.(2d) 738; Davis v. United States (C. C. A. 10) 38 F.(2d) 631. Due to the absence of a proper bill of exceptions, we will not consider such additional assignments of error.

The judgment is affirmed, and the mandate will issue forthwith.