counts one and two of the information did not set out the essential ingredients of the respective offenses charged therein. It is contended that such counts are insufficient in that they did not allege any particulars descriptive of. the offenses distinguishing them in any manner from other similar offenses. In charging an offense of the general character of those alleged in counts one and two in this information, it is necessary to allege some fact or circumstance identifying and ear-marking the particular offense charged in order to distinguish it from other offenses of similar character. Skelley v. United States (C. C. A. 10) 37 F.(2d) 503. However, it is the presence of some identifying ear-mark and not of any particular one that is important. Davis v. United States .(C. C. A. 8) 24 F.(2d) 814, 815, 816.

The name of the hotel in Shawnee, where the whisky was sold, is alleged in the first count. This sufficiently identified and ear-marked the offense charged in that count. The name of the purchaser is alleged in count two. This sufficiently identified and ear-marked the offense charged in count two. Davis v. United States (C. C. A. 8) 24 F. (2d) 814, 816; Coyle v. United States (C. C. A. 10) 34 F.(2d) 399.

The other errors assigned are predicated upon matters which occurred in the trial proceedings and which must be brought into the record by a proper bill of exceptions, duly settled and approved by the trial court. There is no such bill of exceptions. On the contrary, there is a literal transcript of all the trial proceedings. Tingley v. United States (C. C. A. 10) 34 F.(2d) 1; Caldwell v. United States (C. C. A. 10) 36 F.(2d) 738; Davis v. United States (C. C. A. 10) 38 F.(2d) 631. Due to the absence of a proper bill of exceptions, we will not consider such additional assignments of error.

The judgment is affirmed, and the mandate will issue forthwith.

John T. Harley, of Tulsa, Okl., for appellant.

William E. Wiles, Asst. U. S. Atty., of Oklahoma City, Okl.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment forfeiting an automobile, under the provisions of section 26, tit. 2, of the National Prohibition Act, section 40, tit. 27, U. S. C. (27 US CA § 40). Errors assigned are all predicated upon trial proceedings, which can be brought into the record only by proper bill of exceptions, duly approved and signed by the trial court. No such bill of exceptions appears in this record. On the contrary, there is a literal transcript of the evidence and other trial proceedings. Tingley v. United States (C. C. A. 10) 34 F.(2d) 1; Caldwell v. United States (C. C. A. 10) 36 F.(2d) 738; Davis v. United States (C. C. A. 10) 38 F.(2d) 631. In the absence of a proper bill of exceptions, we cannot consider the errors assigned. Davis v. United States, supra.

The judgment is affirmed, and the mandate will issue forthwith.

### IMRIE v. UNITED STATES.
### No. 66.

Circuit Court of Appeals, Tenth Circuit.

Feb. 8, 1930.

### OLDHAM v. UNITED STATES.
### No. 154.

Circuit Court of Appeals, Tenth Circuit.

Feb. 8, 1930.