630

## C. O. TINGLEY & CO. et al. v. BADGER RUBBER WORKS.*
### No. 4260.

Circuit Court of Appeals, Seventh Circuit.
Feb. 28, 1930.

Russell M. Everett, of New York City, for appellants.

Franklin G. Neal, of Springfield, Mass., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge.

Following our opinion in this cause remanding it to the District Court for hearing upon its merits [26 F.(2d) 159], it was there heard, and the bill was dismissed for want of equity.

The device of the patent was sufficiently described in our opinion on the former appeal. The record sufficiently shows a prior art and practice, in the light of which there was no patentable advance in applying to tire flaps markings which indicated where the flap should be cut and perforations made to fit the flap for application to a given size. There was notably the Walker patent, No. 1,426,796, August 22, 1922, filing date October 26, 1921, which shows this same scheme applied to belts for driving automobile radiator fans. At one end of the belt is the element for joining the ends; toward the other end are markings indicating where the belt strap should be cut and the ends brought together to form a belt of size to fit the requirements of various makes of engines. This is clearly in the same art, and to one knowing of this contrivance it would plainly suggest similar treatment of a tire flap, or other such part, for employment in the varying sizes and locations of automobile parts. That this exact treatment had not been applied to automobile flaps prior to the patent does not of necessity indicate that invention was involved in so adopting it.

*Certiorari denied 50 S. Ct. —, 74 L. Ed. —.

Walker's claim 1 describes, "A driving belt having indicia thereon to indicate where the belt is to be severed to adapt it for predetermined installations." Walton's claim 1 is in all essential particulars the same, and both relate to automobiles. Patent to Waite, No. 1,188,588, June, 1916, shows a brake lining roll with marks thereon at regular predetermined intervals of length, whereby the length of a given strip may be determined by counting the marks thereon. Various patent devices of apparel, very old in the art, appear with marks printed thereon to indicate the place for cutting to accommodate the article to various sizes within the extreme—sweat bands for hats, waist belts, protectors for shirt neck bands, waist bands, and the like—all with a scale of marks printed thereon for adjustment to predetermined sizes.

Long before Walton it was the frequent practice to make flaps of various sizes by cutting them down from the largest size; also to use flaps made from large rolls of flap material, cutting off the size as indicated by printed cards indicating the lengths required for the various sized rims. And there had come into use in this field rubber radiator hose with marks printed or stenciled thereon to indicate the place for cutting to make it fit the various makes of engines.

Nothing further needs to be cited to indicate the very close relation of the prior art and practice to the asserted advance of Walton.

We conclude that the District Court made correct disposition of the case, and its decree is

Affirmed.