**HOOD v. UNITED STATES.**

No. 88.

Circuit Court of Appeals, Tenth Circuit.

Aug. 2, 1930.

David Tant, of Oklahoma City, Okl. (Morris & Tant, of Oklahoma City, Okl., on the brief), for appellant.

Herbert K. Hyde, Asst. U. S. Atty., of Oklahoma City, Okl. (Roy St. Lewis, U. S. Atty., and William Earl Wiles, Asst. U. S. Atty., both of Oklahoma City, Okl., on the brief), for the United States.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The defendant was convicted of violations of the Federal Narcotic Act (26 USCA § 211 and § 691 et seq.), there being two counts of the indictment.

The trial court overruled demurrers leveled at each count of the indictment, and error is assigned on such rulings. The defendant's main contention is that neither count sufficiently identifies or "earmarks" the offense charged. It is settled law in this circuit that in charging an offense of general character, it is necessary to allege some fact or circumstance which will identify the particular offense charged sufficiently to distinguish it from other similar offenses. Coyle v. United States (C. C. A.) 34 F.(2d) 399; Skelley v. United States (C. C. A.) 37 F. (2d) 503; Turk v. United States (C. C. A.) 38 F.(2d) 630; Davis v. United States (C. C. A.) 38 F.(2d) 631; Smith v. United States (C. C. A.) 38 F.(2d) 632; Flowers v. United States (C. C. A.) 38 F.(2d) 633.

The first count of this indictment avers that the defendant, on October 22, 1927, in the Western District of Oklahoma, purchased

354

from a person or persons unknown to the grand jury, certain morphine and cocaine; "said morphine and cocaine not being in the original stamped package or from the original stamped package; said morphine and cocaine being then and there packed in a small trunk containing seventy-four (74) one ounce cans of morphine, and twenty-three (23) envelopes each containing approximately one ounce of cocaine."

The description of a "small trunk" containing "74 one ounce cans of morphine" and "23 envelopes each containing approximately one ounce of cocaine" is sufficient identification under the authorities cited.

■ The second count alleges that the defendant did, at the same time and place, "receive, conceal, buy and facilitate the transportation, concealment and sale, of a certain quantity of narcotic drugs, to wit: seventy-four (74) ounces of morphine, a derivative of opium and twenty-three (23) ounces of cocaine, which said narcotic drugs had theretofore been imported into the United States from a foreign country, said foreign country and the time and place of importation being to the Grand Jury, unknown."

This count does not identify the offense charged within the rule of the cited cases. This count is not distinguishable from the one in Skelley v. United States, 37 F.(2d) 503, where this court held that a charge of receiving "about one and one-half pounds of smoking opium" did not sufficiently "earmark" the offense charged. The distinguishing and identifying facts charged in the first count—the "small trunk," the "74 one ounce cans," the "23 envelopes"—do not appear in the second count.

■ It is suggested that the description of the first count may be considered in aid of the second count. It is true that by appropriate reference allegations may be carried from one count to another, but "the reference should be sufficiently full, in effect, 'to incorporate the matter going before with that in the count in which it is made.' 1 Bish. Cr. Pro. § 431; Whart. Cr. Pl. § 299." Blitz v. United States, 153 U. S. 308, 317, 14 S. Ct. 924, 927, 38 L. Ed. 725; Crain v. United States, 162 U. S. 625, 633, 16 S. Ct. 952, 40 L. Ed. 1097. But in the case at bar, there is no reference of any kind. Absent such reference, the general rule must be applied that "In determining the sufficiency of the indictment, each count must be treated as a whole, and not merely as a part thereof." Samuels v. United States (8 C. C. A.) 232 F. 536, 540, Ann. Cas. 1917A, 711. In Dealy v. United States, 152 U. S. 539, 542, 14 S. Ct. 680, 681, 38 L. Ed. 545, Mr. Justice Brewer, speaking for the court, said:

"It is familiar law that separate counts are united in one indictment, either because entirely separate and distinct offenses are intended to be charged, or because the pleader, having in mind but a single offense, varies the statement in the several counts as to the manner or means of its commission in order to avoid at the trial an acquittal by reason of any unforeseen lack of harmony between the allegations and the proofs. 1 Bish. on Cr. Proc. § 422. Yet, whatever the purpose may be, each count is in form a distinct charge of a separate offense, and hence a verdict of guilty or not guilty as to it is not responsive to the charge in any other count."

We conclude that the trial court erred in overruling the demurrer to the second count.

■ Other errors are assigned and argued. It is contended that there was no proof of venue. It is stated in the briefs that the district attorney, over objection, persisted in a line of questioning which required the defendant to disclose that his brother was in the penitentiary, a fact which was entirely immaterial. Such questioning, if indulged in, was unfair and prejudicial to the defendant, and if permitted by the trial court, was error. But none of the errors at the trial can be reviewed in the absence of a bill of exceptions. The statutes of the United States, the rules of the Supreme Court of the United States, the decisions of that court, the rules of this court, and decisions of other courts, are set out in Caldwell v. United States (10 C. C. A.) 36 F.(2d) 738, cert. den. 281 U. S. 725, 50 S. Ct. 240, 74 L. Ed. 1143. In the case at bar, there is a literal transcript of the trial proceedings. This court has many times held that such is not a bill of exceptions. Tingley v. United States, 34 F. (2d) 1; Caldwell v. United States, 36 F.(2d) 738; Davis v. United States, 38 F.(2d) 631; Smith v. United States, 38 F.(2d) 632; Flowers v. United States, 38 F.(2d) 633; Imrie v. United States, 38 F.(2d) 634; Oldham v. United States, 38 F.(2d) 634; McShann v. United States, 38 F.(2d) 635.

The judgment on the first count is affirmed; on the second count reversed.

Affirmed on first count; reversed on second count.