## REGER v. UNITED STATES.
## CEFALU v. SAME.
### Nos. 226, 227.

Circuit Court of Appeals, Tenth Circuit.
Jan. 2, 1931.

Robert D. Charlton, of Denver, Colo. (Lewis deR. Mowry, of Denver, Colo., on the brief), for appellants.

Charles E. Works, Asst. U. S. Atty., of Denver, Colo. (Ralph L. Carr, U. S. Atty., of Antonito, Colo., on the brief), for appellee.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellants bring separate appeals from conviction under an indictment which charged them and others with a conspiracy to manufacture and possess whisky at the Vaughn Ranch, in Weld County, Colo. A main contention of the appellants is that insufficient evidence was adduced at the trial to establish the conspiracy, and particularly it was not shown by violations of the Prohibition Act, nor by mere knowledge of and acquiescence in the operation of the still.

Concededly, the unlawful agreement was essential to the guilt of appellants, and more was required than proof of the commission of a substantive offense against the act. But the evidence in the record was ample to sustain the charge against the appellants.

In the first place it was shown without dispute that a large still was located and operated in a barn at the ranch. Some one or more parties must have been concerned in the enterprise. The issue before the jury was whether the appellants combined to engage in it. There was testimony that Reger hired a woman as a cook at the ranch and paid her for her services, that she cooked meals for the employees thereon, that Reger took supplies to the ranch, that he assisted in installing the still and gave orders for running it, that both appellants employed a man for this purpose and accompanied him when he hauled twelve cases of whisky from the still to Denver, that Reger helped to operate the still and Cefalu to repair it, that Reger warned a party away from the barn on account of bad dogs, that Reger paid for hauling sugar, yeast, and kegs to the place, that Cefalu drank a good deal of whisky there, that they were frequently at the still, and that they asked another party how long he thought they could run the still.

The appellants denied the conspiracy and the incriminating testimony, and sought to discredit the opposing witnesses. They admitted that they visited the ranch and Cefalu that he drank whisky there, but they sought to account for these visits as occurring while they were hunting in the locality.

It cannot be doubted that the evidence in behalf of the government, if credited, together with the inferences reasonably to be drawn from it, was sufficient to establish the conspiracy by the required measure of proof. To hold otherwise would be to clearly invade the province of the jury in passing upon the weight of the evidence. The verdict concluded the issue.

It is urged that there was error in the refusal by the trial court of a request for a separation of the witnesses. While generally it is an appropriate and commendable course to put them "under the rule," in the interest of preventing collusive testimony, yet it is a matter addressed to the sound discretion of the trial court. 14 Ency. Ev. 589; Hood v. United States (C. C. A.) 43 F.(2d) 353. There was no showing in this case of any abuse of that discretion.

Complaint is made of the giving and refusal of instructions. We find the requests were all, in substance, so far as they were correct, included in the general charge of the court. There was no available error in refusing them. One request which was refused was that the testimony of an accomplice must be corroborated before it is sufficient for conviction. There were witnesses for the government of that class. By uniform rule, no such requirement obtains in the federal courts. And in this case, the trial court followed the precedent of cautioning the jury to carefully scrutinize the testimony before crediting it. This was certainly sufficient. Tingley v. United States (C. C. A.) 34 F.(2d) 1.

An assignment of error is based on the comment of the court concerning the testimony of the witness, Ella Gumble, jointly indicted with the appellants, but not tried, that it appeared to be the truth. This was permissible, as the court explicitly told the jury it was not bound by the comment and left the facts solely to the jury. And the instructions were not open to the complaint of them that they were argumentative and thereby usurped right of counsel in discussing the evidence.

An examination of the entire record in this case shows it to be exceptionally free from error. The rights of the defendants were expressly safeguarded at the trial, and the issues were fairly submitted to the jury.

The judgments in both cases are affirmed.