### McSHANN v. UNITED STATES.

### No. 867.

Circuit Court of Appeals, Tenth Circuit.

Nov. 21, 1933.

C. E. Corbett, of Muskogee, Okl. (Wister J. Owens, of Muskogee, Okl. on the brief), for appellant.

W. F. Rampendahl, U. S. Atty., of Muskogee, Okl.

Before McDERMOTT and BRATTON, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge.

This is an appeal from the United States District Court for the Eastern District of Oklahoma.

The appellant, McShann, defendant below, and another, were jointly charged in an indictment with the unlawful possession of one-half gallon of whisky in Muskogee county, Okl., within the limits of the Indian Territory and a part thereof prior to the admission of Oklahoma into the Union. In addition, McShann was charged in an amended information as a second offender, with the possession of property and materials designed and intended for use in the manufacture of intoxicating liquor, etc., in a four-room house at 715 North Twenty-Fifth street, Muskogee, Okl.; the property referred to consisting of a still, boiler, coolers, kegs, a quantity of mash, etc. The two cases were consolidated for trial, and the defendant convicted and sentenced on both.

The only substantial question raised in the various assignments of error is the alleged invalidity of the search warrant, by which the evidence was obtained, admittedly executed by state officers, but, according to appellant, in collusion with the federal officials. The question requires a review of rulings of the trial court.

The evidence is set out verbatim in the transcript; that is to say, in question and answer form, not condensed into a narrative. This clearly violates rule 10 of this court. It does not constitute a proper bill of exceptions and throws extra and unnecessary work on this court. Violations of this nature are so frequent that we deem it necessary again to call the attention of the bar to the rule, and insist upon compliance therewith. In the following cases we have refused to consider such a bill of exceptions: Tingley v. United States, 34 F.(2d) 1; Caldwell v. United States, 36 F.(2d) 738; Davis v. United States, 38 F.(2d) 631; Imrie v. United States, 38 F.(2d) 634; Smith v. United States, 38 F.(2d) 632.

In the prosecution growing out of the indictment charging possession of the one-half gallon of whisky in violation of the Act of Congress of June 30, 1919 (25 USCA § 244), known as the Hastings Amendment, it appears that four deputy sheriffs visited the defendant's home and seized some corn whisky found in a dishpan on the floor. They

poured the same into a jar and took it with them to the sheriff's office. These officers had a search warrant at the time issued by a justice of the peace, describing the premises as 619 North Nineteenth street, while the premises actually searched were 619 North Fifteenth street. After the arrest and incarceration of the defendant, they advised a federal prohibition agent of the raid and turned the evidence over to the prohibition administrator. There is sufficient evidence that the liquor so seized was intoxicating.

There is no evidence that the federal officers were consulted, or knew anything about the first raid until after it was completed, nor of any agreement between the two sets of officials, or that the federal officers co-operated in any way with the state officers.

In Byars v. U. S., 273 U. S. 28, at page 33, 47 S. Ct. 248, 250, 71 L. Ed. 520, the Supreme Court said: "We do not question the right of the federal government to avail itself of evidence improperly seized by state officers operating entirely upon their own account."

See, also, Dodge v. U. S., 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392; Crawford v. U. S. (6th C. C. A.) 5 F.(2d) 672; Gatterdam et al. v. U. S. (6th C. C. A.) 5 F.(2d) 673; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177 and Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Burdeau v. McDowell, 256 U. S. 465 at page 474, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159. Gambino v. U. S., 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381, is not in point, because the court there specifically held that the state officers made the search and seizure in question solely for the purpose of aiding in the federal prosecution.

Under the second charge the evidence is that several prohibition agents went to certain premises in the city of Muskogee and detected the strong odor of mash. They found no one living in the house, left, and returned later the same night. They entered the premises and found the materials described in the information, comprising a complete distillery plant. While they were there the defendant McShann drove up to the house, opened the front door with a key, and was arrested. He stated to the officers he had come for some whisky. The evidence disclosed that the house was in no sense a residence, and that the officers acted upon probable cause. Coon v. U. S. (C. C. A.) 36 F.(2d) 164.

The judgment is affirmed, and the mandate will issue forthwith.