### GREEN v. UNITED STATES.
#### No. 1524.

Circuit Court of Appeals, Tenth Circuit.
Dec. 27, 1937.

Edgar C. Jensen, of Salt Lake City, Utah (Chris Mathison, of Salt Lake City, Utah, on the brief), for appellant.

Dan B. Shields, U. S. Atty., of Salt Lake City, Utah (John S. Boyden and Scott M. Matheson, Asst. U. S. Attys., both of Salt Lake City, Utah, on the brief), for the United States.

Before BRATTON and WILLIAMS, Circuit Judges, and SYMES, District Judge.

WILLIAMS, Circuit Judge.

This is an appeal from a judgment of conviction on an indictment containing three counts charging appellant with, in December, 1933, at Ogden, Utah, devising a scheme and artifice to defraud and obtaining money and other property through said scheme by means of false and fraudulent pretenses, representations, and promises from Ellis Kackley, James P. Christensen, Emma Sabin, Julia A. Peterson, Gladys R. Day, Merton W. Jones, and others to the grand jurors unknown.

The indictment was in no way challenged before the trial court or here.

The specifications of error (1) pertained to the action of the court in refusing to permit the witness Spencer Halverson to answer the question propounded by appellant's attorney whether at the time appellant invested certain moneys in certain oil wells, he (appellant) advised the witness whether the money was his own, or whether he was investing for others and had to protect their interests.

On objection, the court said:

"Let's take it for granted it is a good investment. Do you claim that is any defense in this transaction?

"Mr. King: I do, in connection with the question of good faith, operating under the powers of attorney which he,—

"The Court: If that is the purpose of it, I will sustain the objection.

"Mr. King: We note an exception. * * *

"The Court: I am going to sustain an objection to that. If this is all preliminary to that I will sustain an objection. But if it is an accounting for all the money he received and this man knows anything about it, I will let him testify."

It is charged and shown that appellant solicited owners of certificates of stocks in various building and loan companies, using the mails in connection therewith, stating he could collect 75 to 100 per cent. of the face value on a 10 per cent. basis for compensation. At his instance, the holders of the certificates would indorse them in blank, at the same time giving to him a power of attorney, and, as it is disclosed by the evidence, he disposed of these certificates in many cases for whatever price he could obtain, failing to account for the proceeds, and lulling the victims into a sense of false security through telegrams, telephone messages, letters, and personal conversations. The defense was that he did not represent himself as a collection agent, but collected the amount of the certificates at a discount, making up any loss to them by the sale and reinvestment of the stock in other ways.

As to the point urged, on account of the refusal of the court to permit the appellant's witness, Halverson, called by him as defendant, to state what the defendant said as to whether he was investing the money for other parties and had to protect their interests, etc., was a self-serving declaration. Furthermore, if the money was obtained through fraudulent pretenses and by means of a fraudulent device and scheme, it makes no difference what he did with it, if it was disposed of contrary to the agreement with the parties from whom he received these certificates.

The court, in sustaining the objection, stated it might be answered if the defendant desired to show an accounting for all the money he received, and that he did not convert or use any of it for his own personal use; but made an accounting to said persons charged to be defrauded, and the court instructed the jury that they should assume as a matter of fact that the defendant did with the funds as he claimed. If there was any error in excluding the evidence, it was obviated by such instruction on the part of the court.

As to the point involving the objection to certain remarks of the District Attorney in his argument as improper and prejudicial, the record discloses the following:

During the closing argument of the government, by attorney for the United States, the following occurred:

"Mr. King: I except to that statement as misconduct of counsel, wherein he made the statement that 'no highwayman upon the road would do a trick of this kind'— in substance—would do the conduct of this defendant. I except to it as misconduct

and ask the court to instruct the jury to disregard that statement.

"The Court: That is mere argument, mere expression, oratorical.

"Mr. King: I except to the refusal of the court to give that instruction."

The defendant had put his character in issue and introduced five witnesses in support of same.

In Warfield et al. v. United States, 5 Cir., 36 F.2d 903, at page 904, it is said: "The district attorney is entitled to as much latitude in argument as counsel for the defense, but he should be careful to confine himself to reviewing the facts he considers pertinent and the deductions to be drawn therefrom, omitting any derogatory references, to the defendants."

The character of the crime as alleged in the indictment in this case is indicated by the testimony of Mrs. Mabel Smith, a witness for the government, who testified that Green stated to her that he understood she was a widow and had some children to support, and that she replied she had two girls. It also appeared from the evidence that appellant, Green, obtained stock from two other witnesses of at least 73 years of age, William Carter and John Lewis Gardner. The jury in the case here found that the appellant did all this with the deliberate scheme in mind to defraud these people of their holdings.

█ The United States Attorney was arguing the evidence, not stating a fact, but making deductions therefrom, and likened his conduct as being as depraved as that of a highwayman on the road, which the court said to the jury was merely "argument, mere expression, oratorical"; in effect, not factual.

The court in the case under review, said:

"Gentlemen, there is testimony by several witnesses introduced here as to the good reputation of this defendant. That is substantial testimony in every criminal case, and good reputation is a thing of value, and oftentimes it takes a lifetime to earn it, and where a man has a good reputation he is less likely to commit offenses than if he has a bad reputation, as we all know.

"So that in the consideration of this case you should consider that testimony along with all the other testimony in arriving at your verdict. If it should create a reasonable doubt in your mind it would be your duty to acquit."

These remarks by the United States Attorney were probably unnecessary, but we are unable to see, under the status of the record, that it constituted such error as would require reversal of this case.

Appellant further contends that the court erred in refusing instructions Nos. 7, 8, and 9, which related to three letters; one to Gladys R. Day, and two to James P. Christensen.

█ These three assignments are without merit for it was a question of fact for the jury to say whether the letters were mailed for the purpose of executing the scheme or plan to defraud.

One of the allegations in the indictment was that it was, "* * * a part of said scheme and artifice that after said defendant had so induced said persons to be defrauded to pay over and remit said certificates said defendant would and did by means of telephone, telegrams, letters and personal conversations attempt to falsely assure said persons to be defrauded and lull said persons to be defrauded into inaction and to indefinitely postpone the taking of action with respect to the loss of said persons to be defrauded and thereby did assist said defendant in retaining the property and money of said persons to be defrauded obtained in the manner as hereinbefore set out," thus avoiding complaints while the defendant continued his fraudulent practices.

The jury undoubtedly found that these letters lulled the recipients into a false sense of security, thus preventing complaints while the appellant continued with his fraudulent machinations.

█ However, if there was any merit in the assignments raised, the defendant's guilt is so clearly established in this record that under title 28, § 391, U.S.C.A., this judgment should be affirmed, as no substantial right of the defendant was affected. Berger v. United States, 295. U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Tingley v. United States, 10 Cir., 34 F.2d 1; Tanchuck et al. v. U. S., 10 Cir., 93 F.2d 534, decided at this term.

The judgment of conviction is affirmed.