## BEACH v. UNITED STATES.
### No. 8561.

United States Court of Appeals
District of Columbia

On Mandate of the Supreme Court.

Decided June 18, 1945.

————————

Mr. James R. Kirkland, of Washington, D. C., with whom Mr. Nathan M. Lubar, of Washington. D. C., was on the brief, for appellant.

Mr. Bernard Margolius, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

GRONER, C. J.

Appellant was indicted and convicted of a violation of the Mann Act, 18 U.S.C.A. § 397 et seq. On appeal to this court we held that the Act was inapplicable to transportation wholly within the District of Columbia (144 F.2d 533). On certiorari the Supreme Court reversed[1] and remanded to us to pass upon the other grounds for reversal urged by appellant. The grounds so urged, and not previously passed upon, are as follows:

That the trial court erred: 1. In instructing the jury on the question of the testimony of accomplices;

2. In refusing to permit adequate examination of prosecuting witness to show the promise of Government immunity;

3. In the admission of prejudicial evidence in relation to the character of appellant's husband;

4. In the improper admission of evidence of an arrest of the defendant for violation of the traffic laws;

5. In permitting an improper statement by Government counsel to the jury in his closing address;

6. In the Judge's charge to the jury;

7. In allowing unfair and prejudicial cross-examination of the defendant; and

8. In the failure of the evidence to show the commission of the crime.

We have carefully examined the record in relation to the several matters urged as error in the respects above mentioned and are of opinion that they are all without merit. With relation to Nos. 1 and 6, it is enough to say that the record shows no objection made at the trial to the court's charge to the jury, and the charge itself does not appear in the Bill of Exceptions.[2] Similarly with respect to No. 7, no exceptions to the rulings of the court on cross-examination were taken or preserved in the Bill. Moreover, an examination of the charge and the questioning, which we have made to safeguard the substantial rights of the appellant, convinces us that these contentions are without merit.[3]

No. 2, concerning the restriction of cross-examination of the prosecuting witness, appears to us to be without substance. The Government witness, an F. B. I. agent, had interviewed prosecuting witness while she was being detained in Baltimore by Maryland authorities, in connection with another case, and had obtained from her information that presumably later led to the arrest of appellant. Appellant's counsel sought to obtain from this witness a statement that the agent had promised her immunity in consideration of her agreement to testify against appellant. The question was entirely proper and a frank answer should have been returned to it. But our reading of the Bill of Exceptions shows that the court had on at least three or four occasions advised counsel and the witness that the question could be asked and should be answered. But for some reason which is not apparent counsel was not willing to ask the precise question, and much of the colloquy which ensued appears to us to have been wholly unnecessary and the limitations imposed by the court in the circumstances entirely proper.

No. 3 charges that after appellant's husband had testified the Government attorney in cross-examination attacked his character in an unfair and prejudicial manner. The basis of this is that Government counsel asked the witness if he had not lived with appellant when she was still married to another man. The witness had already testified, without objection, that he had lived with appellant in New York City prior to their own marriage. The question whether she was then unmarried or married to another, it seems to us, was immaterial, as was also the question whether the witness had been named corespon-

[1] 65 S.Ct. 602.

[2] See Rule IX, Supreme Court, Rules of Practice and Procedure in Criminal Cases, 18 U.S.C.A. following section 688, 292 U. S. 660, 664; cf. Moder v. United States, 61 App.D.C. 300, 62 F.2d 462, certiorari denied, 288 U.S. 599, 53 S.Ct. 317, 77 L. Ed. 975; Feinberg v. United States, 8 Cir., 2 F.2d 955, 956; Gantz v. United States, 8 Cir., 127 F.2d 498; Buessel v. United States, 2 Cir., 258 F. 811; Davis v. United States, 10 Cir., 38 F.2d 631; Smith v. United States, 10 Cir., 38 F.2d 632; Metzler v. United States, 9 Cir., 64 F.2d 203, 209; Hood v. United States, 10 Cir., 43 F.2d 353.

[3] Cf. Gantz v. United States, supra, 127 F.2d at page 504. See Judicial Code § 269, 28 U.S.C.A. § 391; Feinberg v. United States, supra.

dent in the divorce suit which resulted. The question asked by counsel for appellant had really no relation to the issue on trial. Witness was a sailor in the service of the Navy, and it is not unlikely that the purpose in calling him was that knowledge of that fact by the jury would create a favorable impression, just as the effort of the Government to discredit him was to avoid that effect. Probably he should not have been called at all, but having been called and having testified to his illegal relations with appellant prior to his marriage to her, it was not going too far to ask him if he had been named as corespondent in the divorce action brought by her former husband. We find nothing in the episode which was prejudicial.

■ No. 4. As a witness in her own behalf appellant was asked by her counsel if she had ever been *arrested* for any offense, and she testified she had not. Government counsel on cross-examination asked her if she had not been arrested for disorderly conduct, to which she replied she had not. Clearly, this was within the scope of the direct examination. We see nothing in this either prejudicial or improper.

■ No. 5 calls our attention to a statement said to have been made by Government counsel in his closing address. If the statement was in fact made, it was highly improper, and should have been met with a rebuke from the court, but we are wholly unable to say whether the statement was in fact made, or to know the circumstances under which it was made, for there is nothing in the Bill of Exceptions in relation to the subject, and an inspection of the transcript, which we have made, shows clearly that the arguments of counsel were not stenographically reported, and in bringing this matter to our attention counsel relied upon defendant's affidavit and also newspaper statements, which of course we cannot consider.[4]

No. 8. There was enough evidence to warrant the verdict—even if that question were before us, though we think it is not.

Accordingly, on the whole case the conviction and judgment of the trial court must be and are affirmed.

Affirmed.

[4] Morris v. District of Columbia, 75 U. S.App.D.C. 82, 124 F.2d 284; Moder v. United States, supra, note 2; Lucking v. United States, 7 Cir., 14 F.2d 881, 883, certiorari denied, 273 U.S. 749, 750, 47 S. Ct. 455, 71 L.Ed. 872, 873; Gantz v. United States, supra, note 2.