**Boyd CALDWELL, Appellant,**

v.

**Joan MILLER, Appellee.**

Court of Appeals of Kentucky.

May 29, 1958.

S. M. Ward, Faulkner & Faulkner, Hazard, for appellant.

S. E. Duff, Hazard, for appellee.

CLAY, Commissioner.

In this bastardy proceeding appellant was found guilty, and it was adjudged he should contribute to the support of appellee's child until the child reached the age of 18.

Appellant's grounds for reversal are: (1) the verdict is flagrantly against the evidence, and (2) incompetent evidence was admitted.

Appellee, a school teacher, was 18 years of age and lived at Wooton. Her story is substantially as follows: One Sunday morning while she was in a parked car with an older woman appellant and another man drove up. The other woman voluntarily got in the automobile with the men and she was forced to go along. Appellant, who was drinking, had a pistol and threatened her. The four drove to Middlesboro, some distance away, and stopped at a motel. They stayed in a room in the motel from Sunday night until Tuesday morning. The other three were drinking and firearms were in evidence. Appellee was unable to leave the room. She had sexual intercourse with appellant, and was eventually brought home.

A little more than 9 months later she gave birth to a child. According to her story, no one else could be the father.

Appellant's defense was an alibi. He claims to have been in Bristol, Virginia, at the time this trip supposedly took place. The other woman testified she was in Ohio at the time. The other man was not present at the trial.

Appellant contends the verdict is flagrantly against the evidence because appellee's story is utterly fantastic. It involves abduction, conspiracy, deadly weapons, assault and rape. Appellant points out that appellee never called for help, although he says she had ample opportunity to do so. On the other hand, appellee testified she was afraid she would be killed, and had no opportunity to escape.

However, we are not passing upon a conviction for rape. The issue in the case is whether or not appellant is the father of appellee's child. There is a direct conflict in the evidence. Appellee's story is in some respects unusual, but determining the credibility of witnesses is peculiarly within the province of the jury. Jones v. Commonwealth, Ky., 281 S.W.2d 920. The jury sees the witnesses, observes their manner of testifying, and is in a much better position to judge credibility than we are. That is its principal function. We cannot, as a matter of law, declare appellee's narrative a fabrication. There was ample credible evidence that appellant and appellee did engage in sexual intercourse and that appellant is the father of her child.

We come to the question of incompetent evidence. Appellant, while being examined by his own attorney, volunteered the statement that he had "never been arrested for being drunk or nothing, and never was in court only over a wreck". On cross-examination he was asked if it wasn't a fact he had been arrested for murder and tried. The court over objection directed appellant to answer, and his answer was, "Yes sir, I was tried, but they throwed the case out". The court thereupon admonished the jury that the witness was not being tried for murder, and the question could only be considered to affect his credibility.

■■ It is generally improper to inject other unrelated crimes into a criminal trial. However, appellant himself voluntarily raised this issue in an attempt to show his good character. Under the circumstances the only immediately available means appellee had to rebut this evidence was to show by appellant that his statement was untrue. This was a proper means of testing appellant's credibility. See Hayden v. Commonwealth, 140 Ky. 634, 131 S.W. 521.

Our research has failed to disclose a Kentucky case involving the specific question presented. However, in other jurisdictions it seems well recognized that if the defendant on direct examination attempts to support his good character by stating he has never been in trouble or has never been arrested, he may be properly asked on cross-examination if he had been arrested on other charges. Fisk v. United States, 6 Cir., 279 F.12; Beach v. United States, 80 U.S.App.D.C. 160, 149 F.2d 837; People v. Ficke, 343 Ill. 367, 175 N.E. 543; Burton v. State, 204 Ark. 548, 163 S.W.2d 160; State v. Kelly, 187 Wash. 301, 60 P.2d 50.

The judgment is affirmed.