USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2230 MAINE DRILLING AND BLASTING, INC., Plaintiff, Appellant, v. INSURANCE COMPANY OF NORTH AMERICA, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Breyer,* Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Torruella, Circuit Judge. _____________ _____________________ Stephen B. Wade, with whom Skelton, Taintor & Abbott was on ________________ _________________________ brief for appellant. James D. Poliquin, with whom Norman, Hanson & Detroy was on __________________ _______________________ brief for appellee Insurance Company of North America. ____________________ October 18, 1995 ____________________  ____________________ * Former Chief Judge Stephen Breyer heard oral argument in this matter but did not participate in the drafting or the issuance of the panel's opinion. The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. 46(d). TORRUELLA, Chief Judge. Maine Drilling & Blasting, TORRUELLA, Chief Judge. ___________ Inc. ("MD&B"), brought suit in the United States District Court of Maine, alleging that the Insurance Company of North America ("INA") was required to defend and indemnify MD&B in an action brought against MD&B arising from property damage caused by MD&B's blasting work on a construction site. The district court found that the insurance policy at issue excluded coverage for the damages caused by MD&B, and granted summary judgment in favor of INA. MD&B appealed, and on August 29, 1994, we certified the following dispositive question of Maine law to the Supreme Judicial Court of Maine. Does the Explosives Limitation Endorsement attached to the standard Comprehensive General Liability policy, when considered in conjunction with the business risk exclusions, j(5) and j(6), and any relevant history and general understanding of the insurance industry, create such an ambiguity that it should be interpreted against the insurer, i.e., that it should be read as providing business risk coverage for MD&B's claims against INA? Maine Drilling and Blasting, Inc. v. Insurance Co. of North ___________________________________ ________________________ America, 34 F.2d 1 (1st Cir. 1994). _______ In an opinion dated September 29, 1995, the Supreme Judicial Court of Maine answered the certified question in the negative. The policy in this case, read with its endorsements, is unambiguous. Subsections (j)(5) and (j)(6) serve to limit the coverage to that property damage occurring to property other than that on which the insured is to perform its work. The endorsement confirms -2- coverage for 'occurrence of harm' blasting risk, albeit at a higher deductible. The endorsement by its plain language does not extend coverage where coverage did not exist, but provides for a deductible where coverage does exist. The exclusions contained in subsections (j)(5) and (j)(6) are unaffected by the plain language of the Explosives Limitation Endorsement. We answer the certified question in the negative. The Supreme Judicial Court's conclusion that the policy is unambiguous is dispositive of the only issue in this case. Because the policy is unambiguous, the exclusions apply. The decision of the district court granting summary judgment in favor of INA is therefore affirmed. affirmed -3-