## UNITED STATES v. O'CONNELL et al.

District Court, S. D. New York.

Sept. 30, 1930.

W. L. Taggart, Asst. U. S. Atty., of New York City.

M. Michael Edelstein, of New York City, for defendants.

KENNEDY, District Judge (of Wyoming, sitting in the Southern District of New York).

The above-entitled cause is before the court upon orders to show cause why the evidence should not be suppressed as to the defendants and certain property consisting of an automobile and a motorboat seized by the customs officers returned to the rightful owners. Affidavits by the defendants and by the purported respective owners of the automobile and motorboat have been submitted in support of the order to show cause, and counter affidavits by the customs guard and a customs roundsman involving the seizure have likewise been submitted.

These affidavits of the customs officials do not seem to be in accord as to the facts which they purport to set forth concerning the circumstances of the seizure of the automobile and motorboat. One official has stated under oath that he saw the two defendants loading the automobile, while the other official makes statements to the effect that they both saw the automobile parked upon the pier, and that the two defendants thereafter entered the car and started to drive the same away. They agree that the car was stopped by the order of the customs officials and a search made of the same, which revealed liquor in burlap bags. The defendants were thereupon placed under arrest. One of the customs officials makes the statement under oath that the defendant said he owned the motorboat; it was also searched, but no liquor found thereon, although there were burlap bags found of a kind and character surrounding

the liquor found in the car. The officials also make the statement that the defendant O'Connell admitted the ownership of the motorboat, and that it had been used in the transportation of liquor. The purported owner of the automobile, and likewise the purported owner of the motorboat, make separate affidavits of such ownership and to the effect that they had not been engaged in the unlawful handling of liquor, nor had the car and boat been so used at any time with their consent.

■■■ As I view the case from this hasty sketch of the facts presented, I believe that the decision of the matter before the court revolves around the point as to whether or not there was probable cause under the facts stated for a search without a warrant of the car and boat. I think it is safe to say that the courts have held that, even under the somewhat enlarged scope concerning the search and seizure of automobiles without warrant, such searches cannot be made upon mere suspicion. Neither do the facts as presented here justify the conclusion that there was any actual consent to a search of the automobile or boat except such a consent as is usually secured by enforcing officers without warrant through fear of resistance. I see no circumstance set forth in the affidavits of the customs officials amounting to more than a mere suspicion, which might tend to justify a reasonable belief that the automobile was being used for the unlawful transportation of liquor, except that found in one of the affidavits to the effect that the defendant O'Connell was known to the official as a bootlegger. No basis for the belief is set up. Certainly a statement of an official that a person was known to him as a bootlegger could not be received in any court as a statement of fact upon which a judicial declaration might be made. See Brown v. United States (C. C. A.) 4 F.(2d) 246.

■■■ The development of subsequent events after a search has been instituted and a seizure made cannot be held to justify an unlawful search and seizure. The courts have not yet gone so far as to sustain the search of automobiles on mere suspicion that they are being used for the unlawful transportation of liquor. If such right should be upheld, it would subject our citizens to a reign of terror. It is important that the rule itself should be steadfast and strictly adhered to for the protection of the great rank and file of the law-abiding citizens of the country.

In the view which the court takes of the matter, based upon the counter affidavits of the customs officials, I feel that nothing more than a suspicion has been set forth as the ground for searching the automobile, and the controversy in regard to the boat is even yet farther removed.

For the reasons stated, an order may be entered for the suppression of the evidence, discharging the defendants and their bondsmen, and for the return to the respective owners of the automobile and motorboat now held by the officials.