## UNITED STATES v. LONG.

### No. 3084.

District Court, D. New Jersey.

Sept. 14, 1931.

902

Phillip Forman, U. S. Atty., of Trenton, N. J.

George R. Sommer, of Newark, N. J., for defendant.

BOURQUIN, District Judge.

Defendant, charged with unlawful possession and transportation of intoxicating liquors, moves to suppress the evidence, for that it was secured in violation of the guarantees of the Fourth and Fifth Amendments.

It appears that at 11:45 p. m., March 27, 1931, the state police in an auto patrolling a local highway, two federal prohibition agents riding with them, encountered a truck, driven by defendant, which they stopped. They interrogated him in respect to his license and cargo, which latter he declared to be eggs of number unknown, and without bill of lading. Egg crates were visible, and the odor of alcohol manifest. The truck was without the emblazoned names said to be by local law required.

Examination of contents followed, disclosing not eggs but a large cargo of bottled intoxicating liquors, some broken and leaking. The police testify they were on the lookout "for violations of law."

During the said interrogation of the driver, the prohibition agents, cognizant of the alcoholic odor, discovered a source in liquor leaking through the bottom of the truck, looked in it, saw empty egg crates, and sacks marked "Golden Wedding," a well-known whisky label, whereupon seizure was made, and this charge followed. The agents testify they were with the police with intent "to enforce the National Prohibition Act."

Defendant contends the seizure is unreasonable within the Fourth and Fifth Amendments and the Gambino Case, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381; and that, not disputing the right of the police to halt the auto to inspect the driver's license and to arrest because the truck was not labeled, it is manifest their course therein was mere subterfuge to facilitate unreasonable search by the federal agents and to circumvent the Amendments and case aforesaid, which none the less involves unreasonable seizure.

The contention fails.

The police were in performance of their duty to enforce state law, and the agents, of theirs to enforce federal law. There is no valid reason why they could not associate to that end, and is every valid reason why they should.

The argument that the police were not acting in good faith, but merely to enable the agents to unreasonably search, is counter to the presumption of official duty, regularly performed, and is without evidence to support it. The police having lawfully stopped the truck, the agents, in the odor and leakage manifest, had ample probable cause to search and seize as they lawfully did.

At common law, it was permitted to halt and question night prowlers, and, being reasonable, the Fourth and Fifth Amendments do not condemn it. Night trucking of intoxicants, now so common, invokes the principle.

Even the strained Gambino Case cannot be stretched to include this at bar.

That old John Barleycorn has been favored with a construction of the Fourth and Fifth Amendments not accorded any other variety of offenders is illustrated by scores of cases. The old rascal has found "friends at court."

Had the body of a murdered man, instead of lively old John, been found in the said cases, is any one verdant enough to believe the result would have been the same? Of course, to that is the alibi always advanced in apology for an indefensible decision in departure from principle, "we will consider that case when we meet it."

Motion denied.