**UNITED STATES v. SPRINKLE et al.**
**No. 329.**

Circuit Court of Appeals, Second Circuit.

April 18, 1932.

David P. Siegel, of New York City (Alfred J. Talley and Milton B. Seasonwein, both of New York City, of counsel), for appellants.

George Z. Medalie, U. S. Atty., of New York City (Leon Leighton and Seymour D. Altmark, both of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The indictment charged the two appellants and two other defendants, who were acquitted, with using the mails in a fraudulent stock-selling scheme involving the sale of shares of a corporation known as Associated Dental Products, Inc. False and fraudulent promissory misrepresentations were alleged, namely, that the corporation would establish numerous distributing depots throughout the United States, that it would pay dividends in the near future, and would be in a position to pay dividends, and that the defendants would receive no salary, commission, or remuneration of any kind out of the moneys obtained from the sale of its stock. The theory of the defense was the defendants' lack of criminal intent and their honest belief, however ill-founded, in the ultimate success of their enterprise. But whatever the proof might warrant as to the other misrepresentations charged in the indictment, there was clearly sufficient for the jury to find fraudulent misrepresentations as to the receipt of commissions. It is not denied that the appellants did in fact receive commissions, amounting to many thousands of dollars, on all the shares sold, and there was credible testimony that they represented they would not. That promissory representations, if made without the intent to perform, are a sufficient basis of fraud in prosecutions of this sort, needs no elaboration in view of our recent decision in United States v. Rowe, 56 F.(2d) 747, March 14, 1932. Hence the evidence was clearly sufficient to go to the jury. This is not seriously challenged; the errors chiefly relied upon relate only to the conduct of the trial.

The record is voluminous and the evidence took a wide range, including testimony of false representations other than those charged in the indictment. The admission of such evidence is charged as error. Much of it related to false statements concerning the assets and sales of another corporation controlled by the defendants and known as Lockxon Tooth Manufacturers, Inc. The Lockxon corporation was organized in 1922 to manufacture and deal in artificial teeth. When Associated Dental Products was incorporated in 1925, it acquired exclusive control of the output of the Lockxon company, and this fact was emphasized in the prospectus of Associated Dental Products as a basis for the expectation of large earnings. Under these circumstances the condition and business of the Lockxon company had a relevant bearing upon the good faith of the defend-

ants in making promissory representations as to the payment of dividends and the establishment of a chain of distribution depots by Associated Dental Products. Marshall v. United States, 197 F. 511 (C. C. A. 2), is distinguishable, for it does not appear that any such relationship existed between the two societies there involved. If the Marshall Case stands for the proposition that false representations not alleged in the indictment are always incompetent, it no longer represents the law of this circuit. United States v. Shurtleff (C. C. A.) 43 F.(2d) 944, 947. False statements outside the scheme charged were competent to show the defendants' fraudulent intent. If such false statements were part of the fraudulent scheme charged, they should have been alleged as such in the indictment, and proof of them without such allegations constituted a variance. The practice of putting into the indictment only a part of the fraudulent scheme on which the prosecution means to rely is not to be commended; it may go far enough to work injustice. But this court is not disposed to regard a variance as fatal unless it is one which has misled the defense. United States v. Rowe, 56 F. (2d) 747, decided March 14, 1932, and cases there cited. This was clearly not such a case.

A further claim of variance is directed at the proof of mailings charged in counts 1 to 5. Count 1 alleged the mailing on November 15, 1926, to a named addressee of a letter dated January 20, 1928. Obviously there was an error in the indictment in stating the date of the letter, but the proof showed that the letter actually sent bore the date of the day on which it was mailed, November 15, 1926. The other counts charged the mailing of registered letters, and only the letter mentioned in count 6 was proved to have been registered, the others having been sent under the ordinary two-cent postage. It would suffice to say that proof of count 6 is sufficient to sustain the conviction without regard to questions of variance as to the other counts. Sinclair v. United States, 279 U. S. 263, 299, 49 S. Ct. 268, 73 L. Ed. 602. But we should like to emphasize in a manner to discourage the practice the futility of urging trifling variances as a ground for reversal. Such contentions are continually urged on appeal although the profession ought long ago to have learned that they are useless. Ledbetter v. United States, 170 U. S. 606, 612, 18 S. Ct. 774, 42 L. Ed. 1162; Meyers v. United States, 3 F.(2d) 379 (C. C. A. 2); Cornett v. United States, 7 F.(2d) 531 (C. C. A. 8); Jones v. United States, 296 F. 632 (C. C. A. 4).

970

■ Complaint is made because of the admission of incompetent conversations related by witnesses Taylor and Wickersham. This testimony the court struck out at the close of the government's case. It is urged that this was too late to cure the error of its admission. To argue that the jury were so prejudiced by this small part of the evidence that they could not disregard it despite the court's instruction to do so, is pure speculation. The contention is without merit.

Equally without merit is the claim that Exhibit 80 was incompetent. This was not secondary evidence as the appellants argue; it was the identical paper given to the witness Jones by Lupton Sprinkle. It was offered as an original, not as a copy, and no objection was made when it was received in evidence.

■■ An attack is made upon a portion of the charge. It was given originally without exception, and when the jury asked for further instructions it was repeated, again with no exception. It was only after the jury had retired the second time that an exception was taken. This was too late for a valid exception and the District Court committed no error in refusing to call the jury back to correct his charge. Kreiner v. United States, 11 F.(2d) 722, 725 (C. C. A. 2); Fabian v. United States, 15 F.(2d) 696 (C. C. A. 2). While we have power to reverse for an erroneous charge to which no exception was taken, we should exercise such power only when the error is serious. Here the meaning of the challenged portion of the charge is not clear. Its very blindness seems to us to make it innocuous; especially when the court repeatedly said that it was not a crime to make a failure and that in order to convict the jury must find that the defendants made the misrepresentations set forth in the indictment with intent to defraud.

None of the other points urged by the appellants seem to us to require discussion. Finding no reversible error, we affirm the judgments.