## UNITED STATES v. PRINTING MACHINERY, LOTTERY TICKETS AND RECORDS PERTAINING TO TRANSPORTATION INTERSTATE OF LOTTERY TICKETS.

### No. 7693.

Circuit Court of Appeals, Third Circuit.

Sept. 24, 1941.

Stewart Lynch, of Wilmington, Del., for appellants.

Howard A. Miller, of Wilmington, Del., for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

Saffian Engineering Corporation, alleging that the search warrant by virtue of which certain articles of personal property had been seized by the United States Marshal was improvidently issued, petitioned the United States Commissioner for the District of Delaware by whom it had been issued to direct the return to the corporation of the seized property. Its petition was filed pursuant to the provisions of Section 16 of the Search Warrant Act, Title XI of the Espionage Act of June 15, 1917, c. 30, 40 Stat. 228, 18 U.S.C.A. § 626. After hearing, the Commissioner ordered the search warrant quashed and the seized articles returned to the petitioner. The Marshal and his deputy thereupon sought review of the Commissioner's order by the District Court for the District of Delaware. Upon the record of the Commissioner's proceedings the District Court entered an order upholding his order. The present appeal followed.

The order of the District Court must be reversed. The sole authority for a summary proceeding for the return of property seized under a search warrant, assuming the latter to be defective, is to be found in Section 16 of the Search Warrant Act. United States v. Casino, D.C., 286 F. 976; Gallagher v. United States, 2 Cir., 6 F.2d 758. Under that section the property is "to be restored to the person from whom it was taken." Consequently it was necessary for the petitioner to establish the fact that it was in possession of the seized articles at the time of their seizure. Gallagher v. United States, supra; Connolly v. Medalie, 2 Cir., 58 F.2d 629. A showing that it was the owner of the property or that it

was or is entitled to possession thereof is insufficient in the absence of evidence of actual possession at the time of seizure. The petitioner in this case merely alleged ownership. It neither alleged nor proved possession of the seized articles at the time they were taken by the Marshal. Having thus failed to make out a case for relief under the statute its petition should have been denied by the Commissioner.

The order of the district court is reversed and the cause is remanded to that court with directions to set aside the order of the United States Commissioner.