UNITED STATES v. REIBURN et al.

No. 229.

Circuit Court of Appeals, Second Circuit.

April 6, 1942.

Philip C. Samuels, of New York City (Max Lazarus, of New York City, of counsel), for Reiburn.

Caesar B. F. Barra, of New York City (Ralph J. Barra, of New York City, of counsel), for Toffler.

Jerome H. Doran and Mathias F. Correa, U. S. Atty., both of New York City, for appellee.

Before L. HAND, SWAN and CHASE, Circuit Judges.

PER CURIAM.

The questions raised by this appeal are: (1) the adequacy of the proof of mailing of the three "count letters"; (2) the means by which the prosecution obtained possession of the second "count letter"; (3) the admission of evidence against Reiburn of defrauding a person other than the victim named in the indictment; (4) the judge's failure to instruct the jury to make no inference against the accused because they did not testify.

The proof of mailing the first "count letter" was that the victim of the fraud signed it and delivered it to the accused who had dictated its terms for her. The addressees later received the lettter in their mail, but the complaint is that there was no evidence that the accused ever posted it. It is impossible to take the argument seriously; the accused had every motive to post it and nobody else had. Somebody did. The second "count letter" was the registered return receipt sent by the addressees of the first letter to the victim. This bore a post-office stamp which showed that it had been put in the mail by the addressees and the victim received it. As we understand it, the theory is that this did not prove that the accused "caused" it to be posted. The position is also utterly untenable; when the accused sent the card to the addressees along with the letter, it was an invitation to return it to the victim. The third "count letter" was an envelope postmarked at Wagoner, Oklahoma, and received by the victim in New York; inside was an assignment of a lease from Reiburn, sub nomine Johnson, to the victim. A witness testified that the two accused had bought the lease from him and that he had gone with them to have it registered. The lease was the same as that which the accused passed to the victim as part of the fraud, and who else could have posted it it is impossible to imagine.

The prosecution got hold of the return receipt by going to the building where Reiburn had desk space and received his mail, and procuring it by subpoena from the landlady who held his mail for him; she still had the card in her files, not having yet put it into Reiburn's. This is now said to be an unlawful search; but it is enough answer that the receipt was not taken from Reiburn's possession which alone the Constitution protects. Connolly v. Medalie, 2 Cir., 58 F.2d 629; United States v. Printing Machinery, 3 Cir., 122 F.2d 764.

The court admitted evidence—only against Reiburn—of a fraud similar to that laid in the indictment, but committed by Reiburn and a third conspirator, Seidler. Whether this was generally admissible against both of the accused under the doctrine of Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, we need not say. Certainly it was admissible against Reiburn to prove his fraudulent purposes towards the victim; it seems curious to have Marshall v. United States, 2 Cir., 197 F. 511, still cited as authority. United States v. Sprinkle, 2 Cir., 57 F.2d 968.

The accused did not ask the judge to instruct the jury that it must infer nothing from their failure to take the stand; and he did not so instruct them. An accused often does not wish this to be even

alluded to, believing that if the jury considers it at all they will inevitably use it against him. Be that as it may, it is abundantly well settled that the failure to give the instruction when it is not asked is not error; at least when adequate instructions are given as to reasonable doubt and the presumption of innocence. Sylvia v. United States, 6 Cir., 264 F. 593, 595; Raffour v. United States, 9 Cir., 284 F. 720; Silverberg v. United States, 5 Cir., 4 F.2d 908, 909; Dinger v. United States, 8 Cir., 28 F.2d 548, 550; Evans v. United States, 10 Cir., 122 F.2d 461, 467.

The appeals are totally without merit.

Judgments affirmed.