## In re GUZZARDI.

### No. 3597.

**United States District Court**
N. D. Texas, Dallas Division.

June 14, 1949.

Petitioner in pro. per.

William P. Fonville, Assistant U. S. Attorney, Dallas, Tex., for respondent.

ATWELL, Chief Judge.

The petitioner summarily alleges that he was arrested in New Orleans and manhandled, assaulted and shoved into a taxicab and taken to the jail where he was again mistreated by officers, and, ultimately, and finally, a stomach pump was applied to him over his protest, and that the stomach pump brought up from his stomach some morphine which was used in evidence against him at a subsequent trial in the United States District Court at New Orleans, and a sentence of eighteen months given him. That the officers who engaged

in this mistreatment of the citizen, both before and after arrest, were state and city officers in which a national officer assisted, or was present.

The case presents a novel and somewhat new appeal to the substance and meaning of the 4th Amendment to the National Constitution, which we all recognize as a part of the Bill of Rights.

The 4th Amendment provides that, "The right of the people to be secure in their persons, * * * against unreasonable searches and seizures, shall not be violated * * *."

■ A search made by a state officer for a federal officer is treated as a federal search. Ward v. United States, 5 Cir., 96 F.2d 189, 191; United States v. Dire, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210; Sloane v. United States, 10 Cir., 47 F.2d 889; Burkis v. United States, 3 Cir., 60 F.2d 452; McSchann v. United States, 10 Cir., 67 F.2d 655; United States v. Long, 3 Cir., 52 F.2d 901, 902, citing Gambino case in 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Sutherland v. United States, 4 Cir., 92 F.2d 305; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775; United States v. Lee, 2 Cir., 83 F.2d 195; United States v. O'Connell, 2 Cir., 43 F.2d 1005; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Hall v. United States, 9 Cir., 41 F.2d 54.

■ This Amendment applies only to the national government and its agents. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas. 1915C, 1177; Twining v. New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; Aldridge v. United States, 60 App.D.C. 45, 67 F.2d 956.

■ Any evidence secured through unlawful search and seizure by state officers not acting directly, or indirectly, in behalf of the United States is admissible in a prosecution in the national courts. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Lerskov v. United States, 10 Cir., 4 F.2d 540; Miller v. United States, 3 Cir., 50 F.2d 505; Schroeder v. United States, 2 Cir., 7 F.2d 60.

A return of property secured illegally is provided for in the Search Warrant Act of June 15, 1917, 40 Stat. 228, Federal Rules of Criminal Procedure, Rule 41(e), 18 U.S. C.A., United States v. Printing Machinery, 3 Cir., 122 F.2d 764.

The part of the Amendment quoted above shows the sacredness of the person. The well informed practitioner of the law knows that one's home is one's castle and may not be entered even by the king without the proper legal right to do so, which must be secured from a judicial officer upon direct sworn testimony.

It is rather difficult to reason one into the conclusion that the sacred person may be so violated, over the protest of that person, as to take from the stomach without consent and without warrant.

If a stomach pump may be used, then the surgeon's knife may be used. If the stomach pump can be justified, then the opening of one's person by the surgeon's knife can be justified. We would then have returned to trial by ordeal which has long since been abolished by right-thinking, liberty-loving people.

The new Code, in Sec. 2255 of Title 28, in its last paragraph, makes it applicable to applications for writs of habeas corpus, "Unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

The testimony establishes, and the court so finds, that the petitioner was walking with another addict when an officer approached. The other addict dropped to the sidewalk a rubber fingerstall in which there were seven pellets of heroin, a derivitive of morphine and a contraband. The petitioner grabbed the fingerstall and swallowed it, and he and the other addict, running, were overtaken by the officer, arrested and taken in a taxicab to the police hold-over and then to the emergency hospital, where the stomach pump was applied after petitioner had signed a paper waiving his right to protest such treatment.

The stomach pump and an emetic were administered until finally the fingerstall and contents were recovered.

Up to that time no federal officer had participated in any manner whatever, nor does the testimony disclose that the police officer was acting under any instructions or by any agreement for any federal officer. The federal narcotic officer being called, adopted the case after it had reached that point, and the petitioner was taken to the Federal Building and he was subsequently charged, and the proof shows that the trial judge was very careful in allowing and safeguarding all of the petitioner's rights. As a result of petitioner's plea of guilty, he was sentenced to eighteen months' imprisonment.

The petitioner is legally restrained, and must be remanded to the custody of the United States Public Health Service Hospital at Fort Worth.