**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph Hamilton FARABEE, Defendant-
Appellant.**

**No. 26753.**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

May 20, 1969.

Rehearing Denied June 10, 1969.

James L. Mitchell, Dallas, Tex., for appellant.

Merrill L. Hartman, Asst. U. S. Atty., Eldon B. Mahon, U. S. Atty., Dallas, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Joseph Hamilton Farabee appeals from his conviction for unlawfully and fraudulently causing five falsely made and forged securities to be transported in interstate commerce in violation of 18 U.S.C.A. § 2314 (1951). Farabee argues that the indictment was insufficient because it did not contain "a plain, concise and definite written statement of the essential facts constituting the of-

fense charged," Fed.R.Crim.P. 7(c), and therefore that the district court erred in not granting his motion to dismiss the indictment. This argument is meritless.[1] The indictment was not parsimonious and its specifics were amply communicative and informative to the defendant. The indictment tracked the language of 18 U.S.C.A. § 2314 almost word for word, referred specifically to the statute, and contained the necessary factual linkage. Downing v. United States, 5 Cir. 1965, 348 F.2d 594, 599, cert. denied, 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155, a case which also involved a question of the sufficiency of an indictment under 18 U.S. C.A. § 2314, teaches us:

> "An indictment which follows the language of the statute is ordinarily sufficient unless the statute omits an essential element of the offense. The indictment under which Downing was tried substantially follows the language of the statutes involved and each count contains the official citation of the statute which the defendant is alleged to have violated. We consider it sufficient. [Cases cited]."

See also Grene v. United States, 5 Cir. 1966, 360 F.2d 585, 586, cert. denied, 385 U.S. 978, 87 S.Ct. 522, 17 L.Ed.2d 440; Woodring v. United States, 10 Cir. 1967, 376 F.2d 619, cert. denied, 389 U.S. 885, 88 S.Ct. 153, 19 L.Ed.2d 182; accord, Escobar v. United States, 5 Cir. 1967, 388 F.2d 661, cert. denied, 390 U.S. 1024, 88 S.Ct. 1411, 20 L.Ed.2d 282; Hoover v. United States, 5 Cir. 1966, 358 F.2d 87, cert. denied, 385 U.S. 822, 87 S.Ct. 50, 17 L.Ed.2d 59.

We have carefully studied the record and have found that the evidence is more than sufficient to sustain the conviction. United States v. Mustin, 7 Cir. 1966, 369 F.2d 626, 627; cf. Pauldino v. United States, 10 Cir. 1967, 379 F.2d 170.

Affirmed.

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 808, Part I.