UNITED STATES of America,
Appellee,

v.

Thomas Wayne TREVITHICK,
Appellant.

No. 75–1504.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1975.

Decided Dec. 5, 1975.

Rehearing Denied Jan. 7, 1976.

Certiorari Denied March 22, 1976.
See 96 S.Ct. 1475.

William J. Riedmann, Omaha, Neb., for appellant.

Michael L. Schleich, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

This is a direct appeal from Thomas Wayne Trevithick's conviction on five counts of violation of 18 U.S.C. § 2314: interstate transportation of forged securities. We affirm the conviction.

The charges related to five checks drawn on Cavanaugh Feed and Grain of Anthon, Iowa, and cashed in Lincoln, Nebraska in December of 1973. The accused was arrested by Missouri authorities in St. Joseph in March, 1974, on state check charges. He was incarcerated until April 11, 1975, when he pleaded guilty to the state charges pursuant to a plea bargain. Under the bargain he was sentenced to the time he had already served.

Trevithick was indicted by a federal grand jury in the District of Nebraska on December 18, 1974, while he was in

the custody of Missouri. According to the accused he was not informed of the federal indictment until April 4, 1975. On April 11, 1975, the date of his guilty plea, he was released by Missouri and taken into custody by the United States.

At trial Trevithick insisted on representing himself although counsel was appointed to act in an advisory capacity. Briefs were filed in this court by appointed counsel and by Trevithick.

■ Trevithick first alleges that he was deprived of a speedy trial by preindictment and postindictment delay. It appears that any delay occurred while the defendant was in the custody of the state of Missouri on other charges; this case was tried June 16, 1975, a little more than two months after he was taken into federal custody. There is no supportable allegation that preindictment delay was occasioned by a desire to gain a tactical advantage or that prejudice resulted to the accused therefrom. *United States v. Houp,* 462 F.2d 1338, 1339–1340 (8th Cir.), *cert. denied,* 409 U.S. 1011, 93 S.Ct. 456, 34 L.Ed.2d 704 (1972). Nor was any prejudice shown to have resulted by delay after indictment. Considering the factors enunciated in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we are unable to agree that Trevithick was denied his right to a speedy trial.

■ Trevithick alleges that the trial judge abused his discretion by refusing to recuse himself upon the motion of the defense. Apparently the accused believes that the judge is part of a conspiracy, involving the FBI and the prosecutor, to deprive him of a fair trial. He bases this conclusion on the refusal of the district judge to subpoena 20 defense witnesses, including state and federal judges and law enforcement personnel, from South Dakota, Illinois, Missouri and Nebraska. The record reveals that these requests were properly denied because Trevithick refused to reveal what evidence he expected the witnesses would give. He based these refusals on the fifth amendment and his desire not to expose his defense. Although the factual allegations in a motion for recusal must be taken as true, *Berger v. United States,* 255 U.S. 22, 35–36, 41 S.Ct. 230, 65 L.Ed. 481 (1921), Trevithick sets forth no facts to support his motion.[1] 28 U.S.C. §§ 144, 455. Therefore there was no abuse of discretion in denial of the motion. *Pfizer Inc. v. Lord,* 456 F.2d 532, 544 (8th Cir.), *cert. denied,* 406 U.S. 976, 92 S.Ct. 2411, 32 L.Ed.2d 676 (1972).

■ The argument that venue was improper is also based on the asserted prejudice of the trial judge and the allegation that the accused could not get a fair trial in Omaha. As we have said, the charge of bias is unsupported in the record. Therefore Trevithick's citations of Fed.R.Crim.P. 21(a) and the advisory committee's note to the 1966 amendment of Rule 18 are inapposite. He has shown no way in which he would have benefited from trial in Lincoln as he requested, nor has he stated how he was prejudiced by trial in Omaha. Denial of the motion was not an abuse of the trial court's discretion. *Dosek v. United States,* 405 F.2d 405, 408 (8th Cir. 1968), *cert. denied,* 395 U.S. 943, 89 S.Ct. 2014, 23 L.Ed.2d 461 (1969); Rule 10(B) Rules of Practice, D.Neb. (1975).

■ Defendant argues that the evidence was insufficient to convict him. There was evidence that the checks had been stolen from Cavanaugh Feed and Grain, were not signed by authorized personnel, and that they had been transported interstate. Eyewitnesses recalled that Trevithick had passed some of the checks, and in the opinion of a handwriting expert, all of the checks were signed by the accused. Viewed in the light

---

1. An example of the comments of the trial judge which Trevithick advanced in support of his motion is the judge's caveat to the jury that: "The life you save may be your own." This statement was made after the verdict of guilty was rendered, in the context of cautioning the jury to drive safely on the way home.

most favorable to the verdict, the evidence was sufficient.

Trevithick also challenges the sufficiency of the indictment. Each count is in the language of 18 U.S.C. § 2314 and contains other critical facts summarizing the offense. We find the indictment to be sufficient. *United States v. Farabee,* 411 F.2d 1210, 1211 (5th Cir. 1969); *Downing v. United States,* 348 F.2d 594, 599 (5th Cir.), *cert. denied,* 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965); Fed.R.Crim.P. 7(c)(1).

The judgment of conviction is affirmed.