**In re B & W MANAGEMENT, INC.**

Civ. A. No. 87–3264.

United States District Court,
District of Columbia.

April 25, 1988.

Nicholas A. Addams, Washington, D.C., for debtors B & W Management, Inc. and William J. Brown.

Philip J. Brown, pro se.

Peter R. Kolker, Washington, D.C., for trustee John W. Guinee, Jr.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

This matter comes before us on appeal from the United States Bankruptcy Court for the District of Columbia. It is but another in the long list of appeals and other suits generated by the debtors in this litigation. This appeal arises because on November 2, 1987, the Bankruptcy Court, for a second time, denied the debtors' Motion to Recuse; the Debtors' Motion for Continuance of a Hearing originally scheduled for October 23, 1987 [1]; and the debtor Philip J. Brown's Motion for Continuance. The debtors have appealed these determinations. The Trustee, John Guinee, Jr., has opposed.

The issue before us on appeal is whether the Bankruptcy Court abused its discretion in denying the aforementioned motions.[2]

---

[1]. The October 23, 1987 hearing was scheduled to consider 1) the Trustee's application to pay administrative expenses; 2) the Trustee's application to pay compensation to counsel for the Trustee; 3) the Trustee's application to pay compensation to the accountant for the Trustee; and 4) the Trustee's application for compensation for himself. Notice of the hearing was sent out on September 22, 1987, more than one month prior to the scheduled date.

[2]. We may not disturb the Bankruptcy Court's decision to deny the debtors' Motion for Recusal unless we determine that the court abused its discretion in deciding as it did. *In re Casco Bay Lines, Inc.,* 17 B.R. 946, 954 (1982). *See also* 8A C.J.S. Bankruptcy § 467 at 436 (1988); *In re Olson,* 20 B.R. 206, 210 (D.Neb.1982). *Compare Scarrella v. Midwest Federal Savings and Loan,* 536 F.2d 1207, 1210 (8th Cir.1976); *U.S. v. Trev-*

*ithick,* 526 F.2d 838, 839 (8th Cir.1975), *cert. denied* 424 U.S. 972, 96 S.Ct. 1475, 47 L.Ed.2d 742 (1976).

Decisions made by the Bankruptcy Court in the exercise of its discretion may not be set aside on appeal in the absence of a finding that that discretion has been abused. 8A C.J.S. Bankruptcy § 467 at 435. *See also In re Matter of Kaleidoscope, Inc.,* 25 B.R. 729, 734 (N.D.Ga. 1982). This standard applies with regard to the Bankruptcy Court's denial of the debtors' Motions to Continue—a discretionary matter. The debtors recognize the "inherent power of [the bankruptcy] court to reschedule", and presumably schedule, "its calendar." Debtors' Motion for Continuance of Hearing on Fifth Application for Allowance of Compensation as Counsel for Trustee and for Compensation of Trustee, at 3.

Upon a tedious consideration of the briefs filed by the parties, and the record as a whole, we find that the Bankruptcy Court did not abuse its discretion in deciding the enumerated matters in the manner in which it did. Accordingly, we deny the debtors' several motions, and affirm the orders below.

*Discussion*

### A. *Motion to Recuse*

The debtors filed their second motion[3] to recuse Judge Bostetter on October 22, 1987. As the factual basis of their claim, the debtors suggest that Judge Bostetter holds a mortgage and bank accounts with First Commonwealth Savings and Loan Association (Commonwealth); that he has in the past benefited from the sale of stock in that entity; that he did not include information regarding his purchase and sale of Commonwealth stock in his 1986 Financial Disclosure Report[4] or raise it in a hearing held regarding the debtors' first motion to recuse; and that Commonwealth and American Security Bank employ the same law firm. American Security Bank is a party to this litigation. Commonwealth is not.

■ Debtors have cited 28 U.S.C. § 144 and 28 U.S.C. § 455 in support of their motion for recusal. 28 U.S.C. § 144[5] has

no application to the instant case. The relevant federal law setting forth the requirements for judicial disqualification is embodied in 28 U.S.C. § 455.[6] In determining whether a judge is required to disqualify himself under § 455(a), it is clear from the statutory language that the court must apply a reasonable person standard. *Matter of Beverly Hills Bancorp.*, 752 F.2d 1334, 1341 (9th Cir.1984); *In re M. Ibrahim Khan*, 751 F.2d 162, 164 (6th Cir.1984); *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir.1985); *In re Casco Bay Lines, Inc.*, 17 B.R. at 953. We find that, applying this objective test, Judge Bostetter's impartiality cannot "reasonably be questioned." Knowledge of all the facts alleged would not lead a reasonable person to question the judge's impartiality.

■ The only possible tie between Commonwealth and the underlying bankruptcy proceedings is the fact that Commonwealth employs the same law firm as does a party to this suit, American Security Bank. This alleged link is too remote and tenuous to support a logical claim of conflict of interest, or likely partiality. Accordingly, Judge Bostetter's financial connections with Commonwealth are irrelevant to these proceedings. We find that a reasonable person, looking at the totality of the circumstances, would see them as such, and would not harbor doubts as to Judge Bos-

---

**3.** The debtors filed their first motion to recuse Judge Bostetter on October 20, 1986. They essentially argued that because the bankruptcy judge maintained a mortgage and some accounts at Commonwealth and because counsel to that institution was a member of the same law firm which represented American Security Bank, he was required to recuse himself. This motion was denied on November 17, 1986.

**4.** In his 1987 Financial Disclosure Report, Judge Bostetter reported the purchase of First Commonwealth stock in 1984, and the sale of the same in 1986. He indicated that he had unintentionally omitted this fact in his prior disclosure statements.

**5.** This provision states that "[w]henever a party to any proceeding *in a district court* makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall

proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144 applies, by its express terms, to district courts proceedings only, and therefore is not applicable here.

**6.** 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, magistrate or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his *impartiality might reasonably be questioned*."

28 U.S.C. § 455(b) provides in relevant part that a judge "shall also disqualify himself ...: 1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings ... [or] 4) He knows that he, individually or as a fiduciary, ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be *substantially affected* by the outcome of the proceeding."

tetter's impartiality.[7]

Recusal is also not required by 28 U.S.C. § 455(b)(4). Subsection (b)(4) establishes two classes of disqualifying interests. These are, first, "financial interests in the subject matter in controversy or in a party to the proceeding," and second, "other interests." The existence of the former variety of interest requires recusal, whether or not the outcome of the proceedings could have an effect on that interest. The latter type of interest requires recusal *only if* that interest could be "substantially affected" by the outcome of the proceeding. *See* 28 U.S.C. § 455(b)(4). *See also In re Cement Anti–Trust Litigation,* 688 F.2d 1297, 1308 (9th Cir.1982), *aff'd* 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425. *See also In re New Mexico Natural Gas Anti–Trust Litigation,* 620 F.2d 794, 796 (10th Cir.1980).

The debtors do not suggest that Judge Bostetter has a direct financial interest in the proceedings in question, or in any party to the proceedings. Therefore, the issue before us is whether Judge Bostetter's interest in Commonwealth could be "substantially affected" by the outcome of the underlying bankruptcy proceedings, and whether the Judge abused his discretion in holding to the contrary. We fail to see how the outcome of this suit could in *any way* affect Judge Bostetter's financial interests in Commonwealth. The Bankruptcy Court did not abuse its discretion in denying the debtors' motion to recuse.

Recusal is also not required pursuant to 28 U.S.C. § 455(b)(1). This is so because the record is devoid of any evidence supporting the debtors' contention that Judge Bostetter maintains a personal prejudice or bias against them.[8]

### B. *Motions to Continue*

In its November 2, 1987 order denying the debtors' motions for continuance, the Bankruptcy Court found that the requests for continuance were "not timely" and failed to articulate a sufficient basis to justify continuance. Again, we find that the Court did not abuse its discretion in so finding.

The debtors allege that the Trustee was a founding director and partial owner of Enterprise Bank which, in the summer of 1986, was acquired by the Washington National Bank Corporation. They also allege that Wallace Holliday, a partner in 1250 24th Street Associates Limited Partnership[9], owned a 1% interest in the acquiring bank and was a member of the board of directors. The debtors based their motions for continuance on "the conflict of interest presented by the connection between Trustee Guinee and Holliday." Appellants' Brief, at 12.

The debtors filed their motions shortly before the scheduled hearing.[10] In addition, the "new information" discovered regarding the Trustee's relationship with Enterprise Bank was known to the debtors as early as September 23, 1987, when Mr. Guinee was deposed. Debtors' motions for continuance were clearly out of time and the Bankruptcy Court was well within its discretion in finding that the motions were untimely.

Although unnecessary for this decision, we note that we cannot say that it was an abuse of its discretion for the Bankruptcy

---

7. While the debtors make much of the fact that Judge Bostetter did not record his purchase and sale of the Commonwealth stock in his earlier financial disclosure reports, the reality is that Commonwealth is not a party to this proceeding, and that the debtors have failed to assert a plausible theory by which Judge Bostetter's conduct in the underlying bankruptcy proceedings could in any way affect his interest in Commonwealth.

8. The debtors cite to only one page in the transcript from a November 17, 1986 hearing as support for their claim that Judge Bostetter harbors personal bias or prejudice against them. Appellants' Brief, Ex. C. Given the length of these proceedings, the number of hearings held and the nature of the Judge's remarks, we find that the debtors' contentions in this regard lack merit.

9. The debtors are presently in litigation with this Partnership.

10. The hearing was scheduled for October 23, 1987. The first Motion for Continuance was filed on October 19, 1987. Philip Brown filed a similar motion on October 22, 1987.

**4**

Court to have determined that the debtors' motions were lacking in sufficient basis to justify delay. That Court was not required to accept conclusory allegations of conflict of interest, which were speculative and remote.