**In re Thomas V. WILLIAMS and Sue Williams, Debtors.**

**SOUTHWESTERN GOLD, INC., Plaintiff,**

**v.**

**Thomas V. WILLIAMS, Defendant.**

**Bankruptcy No. 7–87–02068 MA.
Adv. No. 88–0108 M.**

United States Bankruptcy Court, D. New Mexico.

March 29, 1989.

Alan R. Wilson, Patricia A. Bradley, Albuquerque, N.M., for plaintiff.

Edward D. Myers, Albuquerque, N.M., for defendant.

P. Diane Webb, Albuquerque, N.M., Asst. U.S. Trustee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court for hearing on defendant's Motion to Disqualify and to Temporarily Enjoin Further Judicial Action. This adversary proceeding was taken under advisement on January 26, 1989 following two days of trial on the merits of plaintiff's complaint objecting to discharge of debt. The parties were instructed to file proposed findings of fact and conclusions of law; these have been submitted to the Court. Therefore, all that remains to do in the case is for the Court to render its judgment. Defendant's motion seeks an order suspending any further judicial action in this case (except for ruling on this motion), disqualifying the judge and/or recusal.

As grounds for his motion, the defendant lists several events that have allegedly transpired since the January 26th conclusion of the trial. Debtors's counsel has

reason to believe that the judge, *ex parte*, initiated contact with or otherwise informed the Office of the United States Trustee of matters coming to the Court's attention during the course of the adversary proceeding, and that the Court influenced or requested the Office of the United States Trustee to institute an investigation of the debtors. As a result of this investigation the United States Trustee filed a complaint to revoke the debtors' discharge. This complaint was assigned to Judge McFeeley, and he entered an order of recusal.

The defendant argues that these actions by the judge or his representatives indicate 1) that the Court's impartiality might reasonably be questioned or 2) that actual bias exists. Therefore, he seeks relief under 28 U.S.C. § 455.[1] That statute provides, in relevant part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding

Each of defendant's arguments will be addressed.

*Impartiality*

Under 28 U.S.C. § 455(a) a judge should disqualify himself if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United*

---

1. Although not plead, the Court has also considered whether 28 U.S.C. § 144 applies to this motion. If it did, the motion would have had to be transferred to another judge for hearing. The Court concludes that 28 U.S.C. § 144 does

not apply to Bankruptcy Judges. *See In re B & W Management, Inc.,* 86 B.R. 1, 2 n. 5 (D.D.C. 1988) (§ 144 applies only to District Court proceedings.)

*States v. Page,* 828 F.2d 1476, 1481 (10th Cir.1987) (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)).

Defendant's motion does not satisfy the requirements of 28 U.S.C. § 455(a). First, it alleges no prejudice arising from an "extrajudicial source". Rather, the motion focuses only on "matters having come to the Court's attention during the course of the above-captioned Adversary proceeding."

Second, the motion fails to satisfy the reasonable person standard. The first step under this analysis is to list all the relevant facts that the reasonable person would have available to determine whether a judge is impartial. During the trial of this adversary proceeding both the defendant and his wife (co-debtor in the bankruptcy proceeding) took the stand and testified. During the course of this testimony it appeared that: 1) the debtors had certain assets as of the date of the bankruptcy petition that were not scheduled, and that some of those assets may have been sold after the petition without an accounting to the trustee; 2) insiders were repaid loans within one year of the bankruptcy and this fact was not disclosed on the petition; and 3) the debtors transferred real property not in the ordinary course of business, within one year of the petition for what appeared to be consideration substantially less than fair market value, and failed to disclose these transfers on their bankruptcy petition. Thus, it appeared to the Court that assets had been concealed and/or the bankruptcy schedules were false. Concealment of assets and false oaths or statements can be bankruptcy crimes. *See* 18 U.S.C. § 152.

A reasonable person would also need to know of 18 U.S.C. § 3057. That statute, entitled "Bankruptcy Investigations" provides:

(a) Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title [18 USCS §§ 151 et seq.] or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.

Therefore, a judge clearly has the duty to report suspected violations of law to the appropriate authorities. 28 U.S.C. § 586(a)(3)(F) makes the Office of the United States Trustee an appropriate authority.

The Court therefore concludes that, to the extent the motion seeks disqualification based on alleged communication with the United States Trustee, it is not well taken. Simply stated, the Court did that which it was required by law to do. A reasonable person would not infer, from the fact that a judge followed the law, that he or she was not impartial. *See United States v. Gigax,* 605 F.2d 507, 514 (10th Cir.1979) "A judge cannot be disqualified because he believes in upholding the law, even though he says so with vehemence." (citing *United States v. Haldeman,* 559 F.2d 31, 134 n. 302 (D.C. Cir.1976)).

■ The Court also concludes that, to the extent the motion seeks disqualification based on the Court's recusal from the trustee's complaint seeking a revocation of discharge, it is not well taken. Under 28 U.S.C. § 455(b)(1) a judge shall disqualify himself if he has personal knowledge of disputed evidentiary facts. The trustee's complaint is based in part on matters that were brought out in this adversary proceeding. Those matters may be disputed at trial of the trustee's complaint. Although the judge's only knowledge of these matters arose in the context of a judicial proceeding, that knowledge was "extra-judicial" to the trustee's proceeding. Therefore, a reasonable person could have perceived that the judge had prior personal knowledge of facts in dispute, and would not view recusal as evidence of impartiality. Rather, recusal would be viewed as mandated by 28 U.S.C. § 455(b)(1) ("personal knowledge of disputed evidentiary facts.")

*Personal Bias or Prejudice*

 Both 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1) address "personal bias or prejudice" of a judge. Decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1). *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir.1980).

Under § 144 a motion must state, in non-conclusory terms, the facts establishing the alleged personal prejudice, stemming from an extra-judicial source and resulting in an opinion on the merits other than that which the judge has learned through his participation in the case. *Gigax*, 605 F.2d at 511. *See also United States v. Bray*, 546 F.2d 851, 857 (10th Cir.1976) (must allege personal rather than judicial bias); *Haldeman*, 559 F.2d at 132 (" 'Personal' characterizes clearly the prejudgment guarded against. It is the significant word of the statute.") (footnote omitted); *United States v. Frias–Ramirez*, 670 F.2d 849, 853 n. 6 (9th Cir. 1982) (cannot attack judge's impartiality under 28 U.S.C. § 144 on information and beliefs acquired while acting in his or her official capacity.)

Defendant's motion is void of any allegations of personal prejudice or bias. The only facts alleged relate to activities taken in a judicial capacity as a result of knowledge gained in the course of this proceeding. They are legally insufficient to establish grounds for disqualification under 28 U.S.C. § 455(b).

An appropriate order shall enter.

### ORDER

This matter came before the Court for hearing on defendant's Motion to Disqualify and to Temporarily Enjoin Further Judicial Action. For the reasons set forth in the memorandum opinion entered herewith,

IT IS ORDERED that the motion is denied.